Filed 2/18/22  P. v. Russell CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TIMOTHY DAVID RUSSELL,<br><br>    Defendant and Appellant. | G060352<br><br>(Super. Ct. No. C-54962)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Terri K. Flynn-Peister, Judge.  Affirmed.

Robert V. Vallandingham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Timothy David Russell was convicted in 1986 of the murder of Marilyn Lyon, who had been found bludgeoned to death in her home in 1984. Appellant was a coworker of the victim and often performed gardening work for her. At trial he asserted he had come to the home, found the body, panicked, and fled. The jury concluded this explanation was late (it was different than his first statements) and was contradicted by other evidence. They found him guilty of first degree murder committed in the course of a robbery and attempted rape.

In 2019, appellant filed a petition seeking to vacate his murder conviction pursuant to subsequently-enacted Penal Code[1] section 1170.95. After appointing counsel for appellant, the trial court denied that petition on the basis that it did not "set forth a prima facie case for relief under the statute." That meant there was no need to delve into the details of appellant's case because *on its face*, his petition did not set out a basis for relief.

Section 1170.95 is the procedural mechanism for implementing legislative changes in California law which narrow the scope of vicarious liability for murder in two ways. First, the Legislature eliminated the natural and probable consequences theory for that crime by providing that "[m]alice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Second, it reigned in the felony murder rule so that it can only be applied to *nonkillers* if they aided and abetted the killer in committing first degree murder, or they were a major participant in the underlying felony and acted recklessly indifferent to human life. (§ 189, subd. (e).)

In addition to ushering in these changes, the Legislature also enacted section 1170.95, which is the procedural mechanism for challenging a murder conviction based on vicarious liability. To obtain relief under that section, the defendant must show 1) he was prosecuted for murder under the felony murder rule or the natural and probable

---

[1] All further statutory references are to the Penal Code.

consequences doctrine, 2) he was ultimately convicted of first or second degree murder, and 3) and – and this is the flaw in appellant's petition – he would not be liable for murder today because of how the Legislature has redefined that offense. (§ 1170.95, subd. (a).)

If the defendant makes a prima facie showing to that effect, the trial court is required to issue an order to show cause and, absent a concession by the People, conduct an evidentiary hearing. (§ 1170.95, subds. (c), (d).) At the hearing, the prosecution must prove beyond a reasonable doubt the defendant is ineligible for resentencing because his conduct did in fact rise to the level of murder as redefined by SB 1437. (*Id*., subd. (d)(3).) Otherwise, the defendant is entitled to vacatur and resentencing pursuant to the terms of section 1170.95. But the trial court here ruled no hearing was required because the readily discernible facts showed appellant was not eligible for relief under the statute.

Appellant appealed, and we appointed counsel to represent him. Counsel filed a brief which set forth the procedural facts of the case. Counsel did not argue against appellant but advised us there were no issues in the case that had any chance of success. Appellant was invited to express his own objections to the proceedings against him and filed two briefs, but – as we will discuss – neither addressed the issues raised in his petition.

We find ourselves in agreement with appellate counsel. There is simply no issue here. Relief under section 1170.95 requires that the applicant be someone who could not be convicted under the legislative reformation of the felony murder rule. That reformation includes that the applicant not be "major participant" in the underlying felony. That phrase requires scrutiny in cases where the applicant was an aider or abettor of the crime. But appellant was not an aider or abettor. He was the only person involved. He was *the* major participant. The jury found he was the killer. He is therefore ineligible for relief under section 1170.95.

3

Appellant's own briefing does not address these issues. It is addressed to establishing that he has reformed himself and is deserving of parole. It is accompanied by proof of admirable conduct and accomplishments. But we do not have the power to address those issues in this appeal. We are limited by law to a review of the proceedings under his request for relief under section 1170.95, and we are unable to find any flaw in those proceedings.

The order is affirmed.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


FYBEL, J.

4